JOHN W. BLODGETT & *al. versus* DAVID L. GARDINER & *al.*

Where one has agreed to pay interest on a debt which he had contracted, and is afterwards prevented from paying the debt by the intervention of a trustee process, interest thereon will continue to accrue, during the pendency of the suit, unless he has funds unemployed, which he has specially reserved and appropriated for the payment of the debt.

It will not be sufficient to discharge him from liability to pay interest, that he had means or securities, from which, or the proceeds of which, he might have paid the debt.

THE facts in this case, as agreed upon, fully appear in the opinion of the Court.

The question in controversy, was argued by

*Stinchfield,* for plaintiffs, and by

*Vose,* for defendants.

The opinion of the Court was drawn up by

APPLETON, J.—The defendants, being indebted to the plaintiffs for goods which they had purchased of them, and for which they had agreed to pay interest after the expiration of six months, were summoned as their trustees. The action was for some time pending on the docket of this Court, when it was settled, and an entry of "neither party" made, after which this suit was commenced.

· The question in controversy is, whether the defendants are bound to pay interest during the pendency of the suit in which they were summoned as trustees.

The general principles on this subject seem to be these. — When interest is given by way of damage, as the trustee has not agreed to pay interest, and as he is prevented by the intervention of the trustee process from paying the debt, he is not chargeable with interest. *Adams* v. *Cordis* 8 Pick. 260. "When the indebtedness is of such a character," remarks WOODS, J., in *Swamscot Machine Co.* v. *Partridge,* 5 Foster, 369, "that interest can only be recovered upon the ground of a wrongful detention of the principal sum by the debtor, in-

terest is not ordinarily recoverable after the service of the process, for the plain reason that by the process the trustee is ordinarily restrained from paying until the determination of the trustee action." But, if he receives or secures interest, he is chargeable therewith. *Brown* v. *Sillsby,* 10 N. H. 521.

When there is an agreement to pay interest, the interest is as much a part of the debt as the principal, and the trustee is held to pay interest, unless the use of the money has been prevented by the trustee process. *Adams* v. *Cordis,* 8 Pick. 261. When the trustee is, by his contract, bound to pay interest, and, after the service of the trustee process, is ready to pay, and holds money unemployed to await the decision of the law, he is not liable for interest. *Norris* v. *Hall,* 18 Maine, 332. But, if not ready, or if he employs his funds in the ordinary course of business, without any special reservation to meet the demand on account of which he is trusteed, he is chargeable with interest.

The defendant D. L. Gardiner, in his deposition, says, their firm was desirous of paying the demand in suit, and that they had funds to their credit in the American Bank in Hallowell, and that they had notes and other available means with which they could and should have discharged their indebtedness to the plaintiffs, had it not been for the intervention of the trustee process. But, upon examining the disclosure made in the trustee action, the defendants appear to have been indifferent to whom the debt should be paid, and do not there allege that any funds were reserved or appropriated to meet this demand. The deposition of the cashier of the American Bank shows that the defendants made no special deposit, and that, before the trustee process was concluded, they had withdrawn their funds. They undoubtedly had, as the defendant D. L. Gardiner testifies, available funds, such as notes from which they could have raised the means to meet this debt, but they did not do it. Their deposits were withdrawn from the bank, and their available means were used in the usual course of business as they deemed most advisable, without any reser-

vation of unemployed funds to meet this demand, or any deposit specifically made for the payment of this debt.

It follows from the authorities, to which reference has been made, that the defendants are liable for interest on the demand in suit, from the date when, by the agreement between the parties, it became payable.

*Defendants defaulted for debt and interest.*

TENNEY, C. J., RICE, HATHAWAY, MAY, and DAVIS, J. J., concurred.